IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| KELLY SUE ALDERMAN, | |
| Plaintiff, | CIVIL ACTION NO.: 5:21-cv-37 |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Jennifer B. Thomas ("the ALJ" or "ALJ Thomas") partially denying her claim for disability benefits and Supplemental Security Income. Plaintiff urges the Court to remand for reconsideration of the ALJ's decision. Doc. 19. Defendant asserts the Commissioner's decision should be affirmed. Doc. 20. For the reasons which follow, I **RECOMMEND** the Court **AFFIRM** the Commissioner's decision. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits and Supplement Security Income on January 23, 2018, alleging an initial onset date of November 8, 2016. R. 33.[1]

---

[1] A transcript of the entire proceedings before the Social Security Administration appears at Document Numbers 15-1 through 15-9. Although the transcript is broken into multiple PDF documents, each with its own CM/ECF docketing number, the transcript bears individual page numbers that run sequentially through the entire transcript. Record citations in this Report (identified with "R.") are to the

Plaintiff was last insured for Title II disability benefits through December 31, 2016. Plaintiff's claims were initially denied on March 2, 2018, and upon reconsideration on June 29, 2018. Id. Plaintiff filed a written request for a hearing on August 21, 2018. Id. On August 20, 2019, ALJ Thomas held a hearing, at which Plaintiff, who was represented by counsel, appeared and testified. Id. Robert L. Bond, a vocational expert, also appeared at the hearing. Id. ALJ Thomas found Plaintiff was disabled on November 1, 2018, but not prior to that date, and has continued to be disabled since November 1, 2018. R. 35. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. R. 21.

Plaintiff, born on April 2, 1973, was 43 years old on the date last insured and 46 years old at the time of the ALJ's decision in 2019. R. 43. She has a high school education and no past relevant work experience. Id.

## DISCUSSION

### I.   The ALJ's Findings

Title II of the Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act qualifies the definition of disability as follows:

> An individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]

---

individual transcript page numbers. For efficiency, no reference to the CM/ECF docketing number or the respective PDF page numbers is provided here.

42 U.S.C. § 423(d)(2)(A).  Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person meets the definition of disability.  20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

The first step determines if the claimant is engaged in "substantial gainful activity."  Id. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id.  If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments.  Id. at 140–41.  If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three.  The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004).  If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled.  Yuckert, 482 U.S. at 141.

If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work, i.e., whether the claimant has the residual functional capacity to perform her past relevant work.  Id.; Stone v. Comm'r of Soc. Sec., 503 F. App'x 692, 693 (11th Cir. 2013).  A claimant's residual functional capacity "is an assessment . . . of the claimant's remaining ability to do work despite [her] impairments."  Id. at 693–94 (ellipsis in original) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)).  If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her

age, education, and work experience.  Phillips, 357 F.3d at 1239.  Disability benefits will be awarded only if the claimant is unable to perform other work.  Yuckert, 482 U.S. at 142.

Here, the ALJ followed this sequential process to determine Plaintiff met the insured status requirements of the Social Security Act through December 31, 2016, and had not engaged in substantial activity since her alleged onset date, November 8, 2016, through her date last insured.  R. 36.  At step two, ALJ Thomas determined Plaintiff had the following severe impairments: residuals from history of Hodgkin's lymphoma, including radiation fibrosis, thrombocytosis, migraines, gastroesophageal reflux disease ("GERD"), chronic obstructive pulmonary disease ("COPD"), ischemic heart disease, degenerative disc disease of the lumbar and cervical spine, and aortic stenosis.  Id.  The ALJ determined since November 8, 2016, Plaintiff did not have any non-severe impairments.  At the third step, the ALJ determined Plaintiff's impairments or combination of impairments did not meet or medically equally the severity of a listed impairment.  R. 36–37.

ALJ Thomas found Plaintiff that prior to November 1, 2018, Plaintiff had the residual functional capacity ("RFC") to perform work at the sedentary exertional level with the following exceptions: occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; occasionally be exposed to extreme cold, fumes, odors, dusts, gases, and poorly ventilated areas; no exposure to moving mechanical parts or unprotected heights; occasionally reach overhead with her left upper extremity; and needs ready access to a bathroom.  R. 37–40.  Further, the ALJ found that beginning on November 1, 2018, the claimant has the RFC to perform work at the sedentary exertional level with the following exceptions: occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; occasionally be exposed to

extreme cold, fumes, odors, dusts, gases, and poorly ventilated areas; no exposure to moving mechanical parts or unprotected heights; occasionally reach overhead with her left upper extremity; occasionally perform work requiring extension and flexion of the neck muscles; and needs ready access to a bathroom. R. 41–42. Notably, the ALJ concluded Plaintiff's RFC was the same before and after November 1, 2018, but for an additional limitation after that date—Plaintiff could only occasionally perform work requiring extension and flexion of the neck muscles. This reduced RFC after November 1, 2018, is attributable to the ALJ's conclusion the record evidence demonstrated Plaintiff suffered from atrophy and wasting of muscles in the neck and shoulder, arising from previous radiation treatment.

At the next step, the ALJ noted Plaintiff was unable to perform any past relevant work. R. 42. At the fifth and final step, ALJ Thomas found that prior to November 1, 2018, Plaintiff could perform jobs such as document preparer, call-out operator, and semiconductor bonder, all of which exist in significant numbers in the national economy. R. 43. However, beginning on November 1, 2018, ALJ Thomas found there are no jobs that exist in significant numbers in the national economy that Plaintiff can perform. R. 44. The difference in Plaintiff's RFC before and after November 1, 2018—namely, the limitation on Plaintiff's ability to perform work that would require extension and flexion of the neck muscles—was determinative in the vocational expert's view on whether jobs existed in the national economy that Plaintiff could perform. R. 133.

In light of these conclusions at each step of the process, the ALJ ultimately concluded Plaintiff was not disabled prior to November 1, 2018, but became disabled on that date and has continued to be disabled, and further, that Plaintiff was not disabled at any time through December 31, 2016, the date last insured. R. 45.

**II.    Issue Presented**

Plaintiff asserts the ALJ's conclusion that she was not disabled from November 8, 2016 until December 31, 2016, is not supported by substantial evidence. Doc. 19 at 6–10.

**III.   Standard of Review**

It is well-established judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence" and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Ingram v. Comm'r of Soc. Sec. Admin., 496 F. 3d 1253, 1260 (11th Cir. 2007). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of the Commissioner's legal conclusions are not

subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982), *overruling by statute on other grounds recognized by* Lane v. Astrue, No. 8:11-CV-345-T-27, 2012 WL 292637, at *4 (M.D. Fla. Jan. 12, 2012).

## IV.     The ALJ's Decision Is Supported by Substantial Evidence

Plaintiff challenges the ALJ's conclusion she was not disabled between November 8, 2016, her alleged onset date, and December 31, 2016, her date last insured. Doc. 19. Essentially, Plaintiff argues ALJ Thomas should have credited Plaintiff's testimony that she was having difficulty supporting her head up to five years prior to the hearing—or from 2014 onward. Id. at 9–10. Plaintiff asserts had this testimony been credited, the ALJ would have concluded her RFC would have been reduced prior to November 1, 2018, and, specifically, during the period from November 8, 2016 to December 31, 2016, to include the limitation that Plaintiff could only occasionally perform work requiring extension and flexion of the neck muscles. If that RFC limitation had been included for the relevant time period, Plaintiff maintains she would have been deemed disabled during that period.

If an ALJ decides not to credit a claimant's testimony about subjective complaints, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Foote v. Chater, 67 F.3d 1553, 1561–62 (11th Cir. 1995); Jones v. Dep't of Health & Human Servs., 941 F.2d 1529, 1532 (11th Cir. 1991) (finding articulated reasons must be based on substantial evidence). Here, ALJ Thomas found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, the ALJ concluded Plaintiff's statements concerning the intensity, persistence, and

limiting effects of the symptoms are not fully supported prior to November 1, 2018. R. 38. ALJ Thomas explained why she discounted Plaintiff's subjective complaints regarding her neck issues. R. 38–39. ALJ Thomas pointed to Plaintiff's normal strength and range of motion in her neck during the relevant period, as well as normal strength in her upper and lower extremities, and a functional range of motion in her shoulders. Id. The ALJ also relied on normal strength, sensation, and range of motion findings from an emergency room visit in August 2017, which occurred after Plaintiff's alleged onset of symptoms. Id. ALJ Thomas also recognized Plaintiff's medical records showing reports of neck pain from March 2018 but discounted these records because the accompanying diagnostic and clinical testing were normal. Id. The ALJ further discussed clinical findings leading up to November 2018 and concluded they did not show any evidence of muscle atrophy in the neck. Id. Thus, ALJ Thomas explained her decision to discount Plaintiff's subjective complaints, her reasoning is supported by substantial evidence, and, therefore, remand is not required. Lewis v. Soc. Sec. Admin., No. 4:20-CV-01544, 2022 WL 885038, at *11 (N.D. Ala. Mar. 24, 2022) (affirming the decision of the Commissioner where "[n]othing in the record indicates that the ALJ erred in his application of the [legal] standard," and "[the] ALJ adequately explained his findings and referred to the medical evidence that he considered in reaching his conclusions").

      Additionally, no medical evidence supports Plaintiff's subjective complaints about her neck. Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. Chater, 67 F.3d at 1561. Medical signs and laboratory findings must be present showing a medical impairment(s) that could reasonably be expected to produce the symptom(s) alleged. 20 C.F.R. § 404.1529(a). Here, Plaintiff failed to present medical evidence supporting her subjective testimony related to her

neck issues between November 8, 2016 and December 31, 2016. Plaintiff provided no medical records from November 8, 2016 to December 31, 2016. Instead, Plaintiff points to records from August 2017, November 2017, January 2018, and August 2018 to support her claim, but all of those records are from after the relevant time frame. Doc. 19 at 7–9.

Though Plaintiff points to her testimony to support her position she is disabled, this is not enough to undermine the ALJ's findings. The ALJ considered Plaintiff's subjective complaints but provided adequate and supported reasons for discounting those complaints. While Plaintiff argues ALJ Thomas failed to correctly credit her complaints about her neck condition between November 8, 2016 to December 31, 2016, she points to no evidence during this time period and instead relies almost exclusively on medical evidence from *after* this time period. The only medical evidence Plaintiff points to from *prior* to December 31, 2016, relates to lung issues, not her neck. Doc. 19 at 7. Thus, Plaintiff has not shown the ALJ's finding is contradicted by the objective medical evidence in the record. Chance v. Kijakazi, No. 1:20-CV-254, 2021 WL 6339032, at *6 (N.D. Fla. Nov. 9, 2021), *report and recommendation adopted*, 2022 WL 94987 (N.D. Fla. Jan. 10, 2022). And even if it were, some contrary evidence is not enough to for remand. Lawton v. Comm'r of Soc. Sec., 431 F. App'x 830, 833 (11th Cir. 2011) ("While the record does contain some evidence that is contrary to the ALJ's determination, we are not permitted to reweigh the importance attributed to the medical evidence.").

In sum, Plaintiff's argument that the ALJ's decision is not supported by substantial evidence is unpersuasive. Accordingly, I **RECOMMEND** the Court **AFFIRM** the Commissioner's decision. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **AFFIRM** the Commissioner's decision. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint or argument raised in a brief must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 28th day of June, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA